**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――

ALBERT LEAL-FLOREZ, JAIME VAZQUEZ
CRUZ (A.K.A JAVIER), and NIKKI G.
ALLEYNE, *individually and on behalf of others
similarly situated*,

       Plaintiffs,

       v.

GOLDLYN LLC (D/B/A CERTE CATERING
COMPANY), PIZZA BY CERTE, LLC
(D/B/A PIZZA BY CERTE), EDWARD
SYLVIA, HARVEY SIEGEL, CARLOS
SYLVIA, PATTY JOE, and CARLOS
RAMIREZ,

       Defendants.

―――――――――――――――――――――――

Index No. 20-cv-05243 (KPF)

**ANSWER**

Defendants GOLDLYN LLC (d/b/a CERTE CATERING COMPANY), PIZZA BY

CERTE LLC (d/b/a PIZZA BY CERTE), EDWARD SYLVIA, HARVEY SIEGEL,

CARLOS SYLVIA, PATTY JOE and CARLOS RAMIREZ by their attorneys Hoffmann

& Associates, for their answer to the complaint herein, aver as follows:

### NATURE OF THE ACTION

1.     Deny the allegations set forth in paragraph 1 of the complaint, but admit that
plaintiffs were employed by Goldlyn LLC.

2.     Deny the allegations set forth in paragraph 2 of the complaint, but admit that
Edward Sylvia is an owner of Goldlyn LLC.

3.     Deny the allegations set forth in paragraph 3 of the complaint.

4.     Deny the allegations set forth in paragraph 4 of the complaint.

5.     Deny the allegations set forth in paragraph 5 of the complaint.

6.      Deny the allegations set forth in paragraph 6 of the complaint.

7.      Deny the allegations set forth in paragraph 7 of the complaint.

8.      Deny the allegations set forth in paragraph 8 of the complaint.

9.      Deny the allegations set forth in paragraph 9 of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 10 of the complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 11 of the complaint.

## JURISDICTION AND VENUE

12.     Admit the allegations set forth in paragraph 12 of the complaint.

13.     Admit the allegations set forth in paragraph 13 of the complaint.

## THE PARTIES

### *Plaintiff*

14.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 14 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 15 of the complaint, but admit that

        plaintiff Leal-Florez was employed by Goldyn LLC.

16.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 16 of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of

        the allegations set forth in paragraph 17 of the complaint, but admit that

        plaintiff Vazquez was employed by Goldyn LLC.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint, but admit that plaintiff Alleyne was employed by Goldlyn LLC.

### *Defendants*

20.     Deny the allegations set forth in paragraph 20 of the complaint, but admit that Edward Sylvia is an owner of Goldlyn LLC.

21.     Admit the allegations set forth in paragraph 21 of the complaint.

22.     Admit the allegations set forth in paragraph 22 of the complaint.

23.     Deny the allegations set forth in paragraph 23 of the complaint.

24.     Deny the allegations set forth in paragraph 24 of the complaint.

25.     Deny the allegations set forth in paragraph 25 of the complaint.

26.     Deny the allegations set forth in paragraph 26 of the complaint.

27.     Deny the allegations set forth in paragraph 27 of the complaint.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.     Deny the allegations set forth in paragraph 28 of the complaint, but admit that Edward Sylvia is an owner of Goldlyn LLC.

29.     Deny the allegations set forth in paragraph 29 of the complaint.

30.     Deny the allegations set forth in paragraph 30 of the complaint.

31.     Deny the allegations set forth in paragraph 31 of the complaint.

32.     Deny the allegations set forth in paragraph 32 of the complaint.

33.     Deny the allegations set forth in paragraph 33 of the complaint.

34.     Deny the allegations set forth in paragraph 34 of the complaint.

35.     Deny the allegations set forth in paragraph 35 of the complaint.

36.     Admit the allegations set forth in paragraph 36 of the complaint.

37.     Admit the allegations set forth in paragraph 37 of the complaint.

### *Individual Plaintiffs*

38.     Deny the allegations set forth in paragraph 38 of the complaint, but admit
        that plaintiffs were employed by Goldlyn LLC.

39.     Deny knowledge or information sufficient to form a belief as to the truth of
        the allegations set forth in paragraph 39 of the complaint.

### *Plaintiff Albert Leal-Florez*

40.     Deny the allegations set forth in paragraph 40 of the complaint, but admit
        that plaintiff Leal-Florez was employed by Goldlyn LLC.

41.     Deny the allegations set forth in paragraph 41 of the complaint, but admit
        that plaintiff Leal-Florez was employed by Goldlyn LLC.

42.     Admit the allegations set forth in paragraph 42 of the complaint.

43.     Admit the allegations set forth in paragraph 43 of the complaint.

44.     Deny the allegations set forth in paragraph 44 of the complaint.

45.     Admit the allegations set forth in paragraph 45 of the complaint.

46.     Deny the allegations set forth in paragraph 46 of the complaint.

47.     Deny the allegations set forth in paragraph 47 of the complaint.

48.     Deny the allegations set forth in paragraph 48 of the complaint.

49.     Deny the allegations set forth in paragraph 49 of the complaint.

50.     Deny the allegations set forth in paragraph 50 of the complaint.

51.     Deny the allegations set forth in paragraph 51 of the complaint.

52.     Deny the allegations set forth in paragraph 52 of the complaint.

53.     Deny the allegations set forth in paragraph 53 of the complaint.

54.     Deny the allegations set forth in paragraph 54 of the complaint.

55.     Deny the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint.

58.     Deny the allegations set forth in paragraph 58 of the complaint.

59.     Deny the allegations set forth in paragraph 59 of the complaint.

60.     Deny the allegations set forth in paragraph 60 of the complaint.

61.     Deny the allegations set forth in paragraph 61 of the complaint.

62.     Deny the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

66.     Deny the allegations set forth in paragraph 66 of the complaint.

67.     Deny the allegations set forth in paragraph 67 of the complaint.

### *Plaintiff Jaime Vazquez Cruz (a.k.a. Javier)*

68.     Deny the allegations set forth in paragraph 68 of the complaint, but admit
        that plaintiff Vazquez was employed by Goldlyn LLC.

69.     Deny the allegations set forth in paragraph 69 of the complaint, but admit
        that plaintiff Vazquez was employed by Goldlyn LLC.

70.     Admit the allegations set forth in paragraph 70 of the complaint.

71.     Admit the allegations set forth in paragraph 71 of the complaint.

72.     Deny the allegations set forth in paragraph 72 of the complaint.

73.   Deny the allegations set forth in paragraph 73 of the complaint.

74.   Deny the allegations set forth in paragraph 74 of the complaint.

75.   Deny the allegations set forth in paragraph 75 of the complaint.

76.   Deny the allegations set forth in paragraph 76 of the complaint.

77.   Deny the allegations set forth in paragraph 77 of the complaint.

78.   Deny the allegations set forth in paragraph 78 of the complaint.

79.   Deny the allegations set forth in paragraph 79 of the complaint.

80.   Deny the allegations set forth in paragraph 80 of the complaint.

81.   Deny the allegations set forth in paragraph 81 of the complaint.

82.   Deny the allegations set forth in paragraph 82 of the complaint.

83.   Deny the allegations set forth in paragraph 83 of the complaint.

84.   Deny the allegations set forth in paragraph 84 of the complaint.

85.   Deny the allegations set forth in paragraph 85 of the complaint.

86.   Deny the allegations set forth in paragraph 86 of the complaint.

87.   Deny the allegations set forth in paragraph 87 of the complaint.

88.   Deny the allegations set forth in paragraph 88 of the complaint.

89.   Deny the allegations set forth in paragraph 89 of the complaint.

90.   Deny the allegations set forth in paragraph 90 of the complaint.

### *Plaintiff Nikki G Alleyne*

91.   Deny the allegations set forth in paragraph 91 of the complaint, but admit that plaintiff Alleyne was employed by Goldlyn LLC.

92.   Deny the allegations set forth in paragraph 92 of the complaint, but admit that plaintiff Alleyne was employed by Goldlyn LLC.

93.   Admit the allegations set forth in paragraph 93 of the complaint.

94.     Admit the allegations set forth in paragraph 94 of the complaint.

95.     Deny the allegations set forth in paragraph 95 of the complaint.

96.     Deny the allegations set forth in paragraph 96 of the complaint.

97.     Deny the allegations set forth in paragraph 97 of the complaint.

98.     Deny the allegations set forth in paragraph 98 of the complaint.

99.     Deny the allegations set forth in paragraph 99 of the complaint.

100.    Deny the allegations set forth in paragraph 100 of the complaint.

101.    Deny the allegations set forth in paragraph 101 of the complaint.

102.    Deny the allegations set forth in paragraph 102 of the complaint.

### *Defendants' General Employment Practices*

103.    Deny the allegations set forth in paragraph 103 of the complaint.

104.    Deny the allegations set forth in paragraph 104 of the complaint.

105.    Deny the allegations set forth in paragraph 105 of the complaint.

106.    Deny the allegations set forth in paragraph 106 of the complaint.

107.    Deny the allegations set forth in paragraph 107 of the complaint.

108.    Deny the allegations set forth in paragraph 108 of the complaint.

109.    Deny the allegations set forth in paragraph 109 of the complaint.

110.    Deny the allegations set forth in paragraph 110 of the complaint.

111.    Deny the allegations set forth in paragraph 111 of the complaint.

112.    Deny the allegations set forth in paragraph 112 of the complaint.

113.    Deny the allegations set forth in paragraph 113 of the complaint.

114.    Deny the allegations set forth in paragraph 114 of the complaint.

115.    Deny the allegations set forth in paragraph 115 of the complaint.

## FLSA COLLECTIVE ACTION CLAIMS

116.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 116 of the complaint.

117.     Deny the allegations set forth in paragraph 117 of the complaint.

118.     Deny the allegations set forth in paragraph 118 of the complaint.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

119.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-118 of the complaint.

120.     Deny the allegations set forth in paragraph 120 of the complaint.

121.     Deny the allegations set forth in paragraph 121 of the complaint.

122.     Deny the allegations set forth in paragraph 122 of the complaint.

123.     Deny the allegations set forth in paragraph 123 of the complaint.

124.     Deny the allegations set forth in paragraph 124 of the complaint.

125.     Deny the allegations set forth in paragraph 125 of the complaint.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

126.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-125 of the complaint.

127.     Deny the allegations set forth in paragraph 127 of the complaint.

128.     Deny the allegations set forth in paragraph 128 of the complaint.

129.     Deny the allegations set forth in paragraph 129 of the complaint.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

130.   Repeat and reallege their responses to the allegations set forth in paragraphs
       1-129 of the complaint.

131.   Deny the allegations set forth in paragraph 131 of the complaint.

132.   Deny the allegations set forth in paragraph 132 of the complaint.

133.   Deny the allegations set forth in paragraph 133 of the complaint.

134.   Deny the allegations set forth in paragraph 134 of the complaint.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the NYLL)

135.   Repeat and reallege their responses to the allegations set forth in paragraphs
       1-134 of the complaint.

136.   Deny the allegations set forth in paragraph 136 of the complaint.

137.   Deny the allegations set forth in paragraph 137 of the complaint.

138.   Deny the allegations set forth in paragraph 138 of the complaint.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order
### of the New York Commissioner of Labor)

139.   Repeat and reallege their responses to the allegations set forth in paragraphs
       1-138 of the complaint.

140.   Deny the allegations set forth in paragraph 140 of the complaint.

141.   Deny the allegations set forth in paragraph 141 of the complaint.

142.   Deny the allegations set forth in paragraph 142 of the complaint.

## SIXTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping
### Requirements of the New York Labor Law)

143.   Repeat and reallege their responses to the allegations set forth in paragraphs
       1-142 of the complaint.

144.    Deny the allegations set forth in paragraph 144 of the complaint.

145.    Deny the allegations set forth in paragraph 145 of the complaint.

## SEVENTH CAUSE OF ACTION
**(Violation of the Wage Statement Provisions of the New York Labor Law)**

146.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-145 of the complaint.

147.    Deny the allegations set forth in paragraph 147 of the complaint.

148.    Deny the allegations set forth in paragraph 148 of the complaint.

## EIGHTH CAUSE OF ACTION
**(Violation of the Tip Withholding Provisions of the New York Labor Law)**

149.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-148 of the complaint.

150.    Deny the allegations set forth in paragraph 150 of the complaint.

151.    Deny the allegations set forth in paragraph 151 of the complaint.

## NINTH CAUSE OF ACTION
**(Recovery of Equipment Costs)**

152.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-151 of the complaint.

153.    Deny the allegations set forth in paragraph 153 of the complaint.

154.    Deny the allegations set forth in paragraph 154 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

155.    Plantiffs' allegations against defendants fail to set forth legally cognizable

claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

156. Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, accord and satisfaction, unclean hands and the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

157. Defendants Edward Sylvia, Harvey Siegel, Carlos Sylvia, Patty Joe and Carlos Ramirez are not employers within the meaning of the Fair Labor Standards Act or under the New York Labor Law.

**WHEREFORE,** defendants Goldlyn LLC (d/b/a Certe Catering Company), Pizza by Certe LLC (d/b/a Pizza by Certe), Edward Sylvia, Harvey Siegel, Carlos Sylvia, Patty Joe and Carlos Ramirez demand that the complaint be dismissed in its entirety and that they each be awarded the costs, disbursements and reasonable attorneys' fees necessitated by this action and such further relief as the Court shall deem appropriate.

Respectfully submitted,

Dated: New York New York
       December 11, 2020

**HOFFMANN & ASSOCIATES**

By: _____ /s/Andrew Hoffmann _____
**Andrew S. Hoffmann, Esq.**
*Attorneys for Defendants Goldlyn LLC (d/b/a Certe Catering Company), Pizza by Certe LLC (d/b/a Pizza by Certe), Edward Sylvia, Harvey Siegel, Carlos Sylvia, Patty Joe and Carlos Ramirez*
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**Tel (212) 679-0400**
**Fax (212) 679-1080**